UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAJ K. PATEL, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 22-3805 (UNA) |
| UNITED STATES *et al.*, | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In addition, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff, a resident of Indianapolis, Indiana, sues the United States, President Joe Biden, the U.S. Court of Federal Claims and Senior Judge Loren A. Smith, and Department of Justice

1

Trial Attorney Robert R. Kiepura.  *See* Compl. at 2-3.  The prolix complaint, to the extent intelligible, arises from an action Plaintiff brought against the United States for breach of contract.  *See id*. at 7-11; *Patel v. United States*, No. 2022-1131, 2022 WL 4956868, at *1 (Fed. Cir. Feb. 11, 2022), *cert. denied*, 214 L. Ed. 2d 112, 143 S. Ct. 281 (2022) (per curiam) (holding that "the Court of Federal Claims correctly concluded that Mr. Patel's allegations were baseless and that it lacked jurisdiction over any of his claims").  Alleging constitutional deprivations, Plaintiff seeks "a writ or rule nisi under 28 U.S.C. § 1651 to aid this District Court in its jurisdiction for possible criminal or civil offenses committed by Defendants."  Compl. at 14.  He wants this Court "[e]specially [to] ask Defendants what evidence they need now." *Id*.

"A federal district court lacks jurisdiction to review decisions of other federal courts," *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006), and it is axiomatic that a lower federal court has no authority over an appellate court, *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (internal quotation marks and citation omitted)).  Further, it is settled that claims against a judicial defendant premised, as here, on the judge's rulings are frivolous.  *See Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts") (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993)); *see also Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (a complaints against judges who have "done nothing more than their duty" is "a meritless action.").

Because no "allegation of other facts" could plausibly cure the foregoing defects, this case will be dismissed with prejudice.  *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) (cleaned up).  A separate order accompanies this Memorandum Opinion.

_____/s/_____<br>
RUDOLPH CONTRERAS<br>
United States District Judge

DATE:  February 10, 2023